IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-060 |
| | * | |
| JAMAL HAKIM WRIGHT | * | |

**O R D E R**

On November 7, 2012, Defendant Jamal Hakim Wright was sentenced to serve a term of imprisonment of 180 months followed by 3 years of supervised release. Wright was also ordered to pay a $2000 fine and a $200 special assessment.

The Judgment and Commitment Order ("J & C") in this case states that while Wright is in custody, he shall either pay quarterly installments of **a minimum** of $25 if working non-UNICOR or **a minimum** of 50% of monthly earnings if working UNICOR. (Doc. 88, at 6 (emphasis added).) Through his motion, Defendant seeks to have the remainder of his fine obligation waived because the Bureau of Prisons has set his financial obligation at $116 a month, which is well above the $25 a quarter that Wright had been paying since 2013. He complains that this new payment is too onerous given his inability to work because of the COVID-19 pandemic.

The imposition of a fine may only be modified under three statutory conditions: (1) by application of the Government under 18 U.S.C. § 3573; (2) by application of Federal Rule of Criminal

Procedure 35 for correction of sentence or upon motion of the Government; and (3) upon modification following appeal under 18 U.S.C. § 3742. See 18 U.S.C. § 3572(c). None of these circumstances apply to this case.

Notwithstanding the above, other federal courts have recognized a defendant's ability to seek modification of a fine obligation pursuant to 18 U.S.C. § 3572(d)(3), which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

See, e.g., United States v. Simmons, 2007 WL 2345246, at *1 (S.D. Ga. Aug. 15, 2007). Accordingly, the Court may alter the payment schedule upon a defendant's showing of a change in his financial circumstances, but it cannot eliminate the fine completely. Id. Under this standard, Wright must show that he has suffered some sort of material change in his financial circumstances that justifies adjustment of the payment schedule in the J & C. Wright has not done so. That is, Wright has not established that he is unable to pay the minimum of $25 per quarter.

Upon inquiry of the United States Probation Office, the Court learned that Wright is a participant in the Inmate Financial Responsibility Program ("IFRP"). The IFRP is a voluntary work program that encourages an inmate to meet his legitimate financial

2

obligations through the development of a financial plan. 28 C.F.R. § 545.10. Participation in the IFRP is voluntary, but refusal to participate carries certain consequences including the loss of various privileges. 28 C.F.R. § 545.11(d). According to BOP Program Statement 5380.08, the IFRP employs a standard formula to determine the amount of restitution payments that an inmate should make while incarcerated. The formula considers both an inmate's institution resources (such as wages) **and** his non-institution (community) resources (such as gifts or stimulus payments). Program Statement 5380.08 provides further guidance, instructing the BOP to examine total funds deposited in the previous six months and subtract any IFRP payments made in those same six months and $450. Generally speaking, any money remaining after this computation may be considered by BOP in determining the amount of an inmate's IFRP payment.

In this case, it appears that the BOP's application of its IFRP formula resulted in a higher payment, which has prompted the instant motion. The Court, however, has no authority to adjust the IFRP payment or the formula that the BOP uses. The IFRP is an aspect of Wright's confinement; a challenge to the implementation of this program is a challenge to the execution of a sentence. Thus, to the extent Wright wishes to complain about the IFRP payment, he must pursue his claims under 28 U.S.C. § 2241 in the district of his confinement. See Williams v. Pearson, 197 F. App'x 872, 876-77 (11th Cir. 2006); United States v. Warmus, 151 F. App'x

783, 786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). Even if this Court had jurisdiction over the matter, a § 2241 habeas petitioner must exhaust his administrative remedies prior to filing suit. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Here, there is no evidence that Wright has attempted to gain review of his IFRP payments through the BOP's administrative process.

For the reasons stated above, this Court cannot afford the relief Defendant Wright seeks. Accordingly, his motions to waive the remainder of his fine obligation (docs. 135 & 137) are **DENIED**. Of course, Defendant Wright is free to refuse participation in the IFRP at his own peril. In the meanwhile, the J & C will not be modified, and the Court will defer to the BOP in its consideration and calculation of Defendant Wright's IFRP payments. Any challenge to the BOP's implementation of the IFRP is not properly before this Court.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of March, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA